# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KRISTIE DANETTE PARRISH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15CV426 RLW |
| ) | |
| NATIONAL GEOSPACIAL- ) | |
| INTELLIGENCE AGENCY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel. Upon review of the record, the Court will deny Plaintiff's motion.

## Background

On March 9, 2015, Plaintiff filed an Employment Discrimination Complaint in federal court, alleging discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. Plaintiff contends that a white female employee was allowed to reduce her work status to part-time to care for her sick mother, but Defendant denied Plaintiff's request for part-time status in order to care for her three disabled sons. (Compl. Ex. 1 pp. 6-7, ECF No. 1-1) Plaintiff alleges that Defendant eventually terminated her employment for absenteeism. Plaintiff filed an informal complaint with the National Geospacial-Intelligence Agency ("NGA"), Office of Diversity Management and Equal Employment Opportunity on September 15, 2014. (*Id.* at p. 16) She received a letter on October 20, 2014 advising her of the available procedures for advancing her claims. (*Id.*) On or about November 20, 2014, Plaintiff filed a Complaint of Discrimination in the Federal Government. (*Id.* at pp. 2-4)

On March 26, 2015, this Court granted Plaintiff's Motion to Proceed In Forma Pauperis, finding that she was unable to pay the filing fee. (Order of 3/26/15, ECF No. 7) Currently pending is Plaintiff's Motion for Appointment of Counsel. (ECF No. 4) Plaintiff claims that because of her poverty, she is unable to pay a reasonable attorney fee or obtain legal counsel, despite diligent efforts to do so. (*Id.*) Upon review of the motion, the Court will deny Plaintiff's request for court-appointment counsel.

## Discussion

"'Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.'" *Davis v. Scott,* 94 F.3d 444, 447 (8th Cir. 1996) (quoting *Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir. 1995)). When determining whether to appoint counsel for an indigent plaintiff, the Court should consider the factual and legal complexity of the case, the existence of conflicting testimony, and the ability of the indigent person to investigate the facts and present her claim. *Id.* (citing *Swope v. Cameron*, 73 F.3d 850, 852 (8th Cir. 1996)).

Upon review of Plaintiff's Complaint, the Court finds that appointment of counsel is not warranted at this time. The facts of this case are not complex. Plaintiff raises only one claim, that Defendant discriminated against her based on her race in refusing to grant her request for part-time status and eventually discharging her for absenteeism. Further, the undersigned notes that Plaintiff has thus far clearly articulated and presented her legal claims to the Court, and she appears able to investigate the facts of her case. Because the factual nature and the legal issues of this case are not complex, the undersigned finds that at this time Plaintiff's motion should be denied. Plaintiff is free to renew her motion in the event that such circumstances change in the future.

Accordingly,

2

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is **DENIED** without prejudice.

Dated this 9th day of June, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**