UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KRISTIE DANETTE PARRISH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV426 RLW |
| | ) |
| NATIONAL GEOSPACIAL-<br>INTELLIGENCE AGENCY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's "Memorandum and Order," construed as a renewed Motion for Appointment of Counsel (ECF No. 15). Upon review of the record, the Court will deny Plaintiff's motion.

The background of this case is fully set forth in the Memorandum and Order of June 9, 2015 (ECF No. 13), and is incorporated by reference herein. In that Order, the Court denied Plaintiff's Motion for Appointment of Counsel, noting that the factual nature and the legal issues of this case are not complex. The Court indicated that Plaintiff could renew her request if her circumstances changed. However, Plaintiff's current motion merely reiterates the allegations in her Complaint and does not set forth persuasive reasons for a court-appointed attorney. As stated previously, "'[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel.'" *Davis v. Scott,* 94 F.3d 444, 447 (8th Cir. 1996) (quoting *Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir. 1995)). When determining whether to appoint counsel for an indigent plaintiff, the Court should consider the factual and legal complexity of the case, the existence of conflicting testimony, and the ability of the indigent person to investigate the facts

and present her claim. *Id.* (citing *Swope v. Cameron*, 73 F.3d 850, 852 (8th Cir. 1996)). Plaintiff's single claim Complaint does not warrant appointed counsel.

The Court also notes that Plaintiff's motion may have been a response to the Show Cause Order issued on June 23, 2015, ordering Plaintiff to show cause why she failed to file a timely response in opposition to Defendant's Motion to Dismiss (ECF No. 14). To that extent, the Court will allow Plaintiff additional time to either supplement her response or indicate that her motion for appointment of counsel shall serve as the response to Defendant's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 15) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall file with this Court either a either supplement to her response or indicate that her motion for appointment of counsel shall serve as the response no later than July 24, 2015. Failure to comply with this Memorandum and Order may result in dismissal with prejudice.

Dated this 13th day of July, 2015.

                                                                       /s/ Ronnie L. White
                                                                       **RONNIE L. WHITE**
                                                                       **UNITED STATES DISTRICT JUDGE**