UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KRISTIE DANETTE PARRISH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15CV426 RLW |
| ) | |
| NATIONAL GEOSPATIAL- ) | |
| INTELLIGENCE AGENCY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss. Defendant filed the motion, memorandum in support, and accompanying Decision of Dismissal of Discrimination Complaint from the Office of Diversity Management and Equal Employment Opportunity. Plaintiff did not file a response to the motion, despite two Court Orders directing Plaintiff to file a response. Upon review of the motion, the Court will dismiss Plaintiff's complaint with prejudice.

## Background

On March 9, 2015, Plaintiff filed a *pro se* Employment Discrimination Complaint, alleging that Defendant discriminated against her on the basis of race (African American).[1]

---

[1] Attached to Plaintiff's Complaint is a letter to the Equal Employment Opportunity ("EEO") Program Manager specifying her grievances, as well as a letter setting forth the procedure for filing a formal complaint and her Complaint of Discrimination in the Federal Government. (ECF No. 1-1) Defendants have attached to their memorandum in support the subsequent dismissal of Plaintiff's discrimination complaint. (ECF No. 12-1) Generally, courts may not consider matters outside the pleading in determining a Rule 12 motion to dismiss; however, documents necessarily embraced by the complaint do not constitute matters outside the pleading. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 791 (8th Cir. 2014) (citations omitted). Here, the Court finds that these documents contain the charges of discrimination raised by Plaintiff in her Complaint, as well as the relevant dates such that the documents are material necessarily embraced by the

Specifically, she alleges that Defendant terminated her employment after denying her requests to work part-time, even though Defendant allowed a white female to work on a part-time basis. She further claims that she received a letter on July 21, 2014 informing her that her leave under the Family Medical Leave Act ("FMLA") expired on July 10, 2014, and she was expected to return to work on July 14, 2014. In a letter dated August 29, 2014, Plaintiff was informed that she was AWOL and was expected to return to work within 10 days or be disciplined. Plaintiff was placed on administrative leave on September 3, 2014. On October 8, 2014, Defendant terminated Plaintiff from federal service for absence without leave and conduct unbecoming a Federal employee.

Plaintiff contacted the EEO on September 8, 2014 and requested a counselor to assist with her discrimination charges on September 15, 2014. The counselor sent her a Notice of Right to File a Formal Complaint ("NORTF") on October 20, 2014 and a second notice on October 29, 2014. Plaintiff acknowledged receipt of the second notice on October 30, 2014. The notice indicated that Plaintiff had fifteen (15) days from receipt of the notice to file a formal complaint. However, Plaintiff did not file a formal complaint until November 20, 2014, which was past the deadline. The Office of Diversity Management and Equal Employment Opportunity dismissed Plaintiff's complaint as untimely in a letter dated December 5, 2014. The letter also stated that Plaintiff had 90 days after receipt of the notice of dismissal to file a civil action in federal court.

On March 9, 2015, Plaintiff filed an Employment Discrimination Complaint with this Court, alleging wrongful termination based on race in violation of Title VII of the Civil Rights

---

Complaint. *Quinlan v. Sensient Techs. Corp.*, No. 4:14-CV-1990 CEJ, 2015 WL 15216408, at *1 (E.D. Mo. Apr. 2, 2015). Thus, the Court will consider these documents when addressing the motion to dismiss.

Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's claim should be dismissed because she failed to timely exhaust her administrative remedies prior to filing the Complaint.

## Legal Standard

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

## Discussion

Defendant argues that Plaintiff's Complaint should be dismissed because Plaintiff failed to timely contact her EEO counselor regarding her claims and failed to file her formal EEO complaint within 15 days of receiving notice of her right to file. "In order for a federal employee to sue under Title VII, the employee must satisfy certain time limitations." *Jensen v. Henderson*, 315 F.3d 854, 858 (8th Cir. 2002) (citation omitted). "As a federal employee, [Plaintiff] is

3

required to initiate contact with an EEO counselor within forty-five days of the alleged discriminatory conduct." *Id.* (citing 29 C.F.R. § 1614.105(a)(1)). If the matter is not resolved through the counselor, the agency shall inform the employee in writing within 30 days that she has the right to file a discrimination complaint. 29 C.F.R. § 1614.105(d). The employee then has 15 days from the receipt of this notice to file a formal discrimination complaint. 29 C.F.R. § 1614.106(b).

Here, Plaintiff claims that she actually faxed correspondence to the Defendant on November 7, 2014, and no one from the EEO would acknowledge receipt. While she attaches a fax cover sheet dated November 7, 2014, the fax date on all correspondence indicates November 20, 2014. Plaintiff also contends that she had a conversation with one of the EEO counselors, Margaret Goodman, who informed Plaintiff that she could fax the complaint on November 20, 2014. As indicated by the Dismissal of Discrimination Complaint, however, Plaintiff acknowledged receipt of the NORFT on October 30, 2014 yet did not fax a formal complaint until November 20, 2014, beyond the 15-day deadline. The dismissal also notes that an EEO counselor asked Plaintiff to re-fax the formal complaint and reminded her that the 15-day deadline was November 14, 2014. Nothing in Plaintiff's Complaint or attached documents demonstrates that she timely filed her formal complaint. To the contrary, Plaintiff left blank the portion pertaining to Administrative Procedures on her Complaint. (Compl. ¶¶ 6-9, ECF No. 1)

Further, despite the requirement that Plaintiff contact an EEO counselor within 45 days of the alleged discriminatory contact, Plaintiff did not initiate contact until September 8, 2014. However, her claims of discrimination for refusing to honor her request to work part-time and for expecting her to return to work after the expiration of her FMLA leave arose in April 2014 and on July 21, 2014, respectively. Thus, the Court finds that dismissal is appropriate based on

4

Plaintiff's failure to timely exhaust her administrative remedies by failing to contact an EEO counselor within 45 days on her first two claims and by failing to file a formal complaint within 15 days of receiving the NORFT. *Wilkie v. Dep't of Health and Human Servs.*, 638 F.3d 944, 949 (8th Cir. 2011).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 11) is **GRANTED.** A separate Order of Dismissal will accompany this Memorandum and Order. Dated this 6th day of October, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**